UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

| | | |
|---|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY AS SUBROGEE OF JOHN CORRERO** | * * * * | **CIVIL ACTION NO.:** 3:23-cv-142-HTW-LGI |
| **VERSUS** | * * | |
| **BRIGHTON SOUTHERN HOMES, LLC, DONALDO CASTILLO, and NALDO'S MASONRY, LLC** | * * * * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**COMPLAINT FOR DAMAGES WITH JURY DEMAND**

COMES NOW, Plaintiff, STATE FARM FIRE AND CASUALTY COMPANY, an insurance company, established under the laws of, and having its principal place of business in, the State of Illinois, in its capacity as subrogee of JOHN CORRERO, and for its Complaint against defendants, BRIGHTON SOUTHERN HOMES, LLC, DONALDO CASTILLO, and NALDO'S MASONRY, LLC, represents that:

**I. PARTIES, VENUE, AND JURISDICTION**

1. Plaintiff, State Farm Fire and Casualty Company, is a foreign corporation existing under the laws of the State of Illinois, who suffered tortuous injury due to the acts and/or omissions on the part of Defendants, Brighton Southern Homes, LLC, Donaldo Castillo, and Naldo's Masonry, LLC, in Madison County, Mississippi. Plaintiff insured John Correro against loss under a contract of insurance and paid such covered losses pursuant to said

contract thereby becoming both contractually and equitably subrogated to Correro's claims as against Defendants.

2.  Defendant, Brighton Southern Homes, LLC (Brighton), is a limited liability company, created and existing under the laws of the State of Mississippi. Defendant Brighton, at all relevant times, has engaged in business in the State of Mississippi, as more particularly described below. Defendant Brighton maintains a place of business in Mississippi where service of the Summons and Complaint may be made in this case.

3.  Defendant Brighton's principal office address as listed with the Mississippi Secretary of State is 261 Evergreen Drive, Brandon, MS 39042. Defendant Brighton has Joseph Johnson, 261 Evergreen Drive, Brandon, MS 39042, listed as its Registered Agent with the Mississippi Secretary of State. Defendant Brighton may be served with the Summons and Complaint through its Registered Agent.

4.  Defendant Brighton has Joseph Johnson and Barry Walker listed with the Mississippi Secretary of State as its sole members. Both Joseph Johnson and Barry Walker are residents of, and are domiciled in, the state of Mississippi.

5.  The causes of action arose from and are connected with purposeful acts committed by Defendant Brighton in Mississippi because Defendant Brighton advertised, contracted, and performed construction and construction-related activities and services in the State of Mississippi.

6.  Defendant, Donaldo Castillo (Castillo), is a person of the full age of majority and a resident of, and is domiciled in, the state of Mississippi. Defendant Castillo may be served with the Summons and Complaint at 734 Harper Street, Richland, MS 39218, or any other place where he may be found.

7. The causes of action arose from and are connected with purposeful acts committed by Defendant Castillo in Mississippi because Defendant Castillo advertised, contracted and performed construction and construction-related activities and services in the state of Mississippi.

8. Defendant, Naldo's Masonry, LLC (Naldo's), is a Mississippi limited liability company organized and existing under the laws of the state of Mississippi and which has engaged in business in the state of Mississippi, as more particularly described below. Defendant Naldo's maintains a place of business in Mississippi where service of the Summons and Complaint may be made in this case.

9. Defendant Naldo's principal office address as listed with the Mississippi Secretary of State is 734 Harper Street, Richland, MS 39218. Defendant Naldo's has Dennis M. Meek, Jr., 627 Hwy 49S, Suite A, Richland, MS 39218, listed as its Registered Agent with the Mississippi Secretary of State. Defendant Naldo's may be served with the Summons and Complaint through its Registered Agent.

10. Defendant Naldo's has Donaldo Castillo listed with the Mississippi Secretary of State as its sole member. Donaldo Castillo is a resident of, and is domiciled in, the state of Mississippi.

11. The causes of action arose from and are connected with purposeful acts committed by Defendant Naldo's in Mississippi because Defendant Naldo's advertised, contracted and performed construction and construction-related activities and services in the state of Mississippi.

12. Defendant Naldo's is believed to be the successor in interest to assets and liabilities of Donaldo Castillo, a sole proprietorship engaged in construction and construction related

activities and services. Consequently, Defendant Naldo's and Defendant Castillo are solidarily liable for the damages suffered by plaintiff as a result of the faulty workmanship of Donaldo Castillo and/or Defendant Naldo's and/or their employees, agents, or assigns, as more fully described below.

13. The "Property" at which the damage complained of herein occurred is located at 405 Red Cedar Cove, Ridgeland (Madison County), Mississippi.

14. Venue of this suit is proper under 28 U.S.C. 1391(b)(2) because a substantial part of the events giving rise to this lawsuit occurred in the Northern Division of the Southern District of Mississippi.

15. The Court has jurisdiction over this lawsuit under 28 U.S.C. 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## II. BACKGROUND FACTS

16. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

17. At all times relevant hereto, John Correro was the owner of the real and personal property located at 405 Red Cedar Cove, Ridgeland (Madison County), Mississippi.

18. The Correro home was designed and built in 2018 and 2019 by Defendant Brighton. Defendant Brighton was the general contractor for the construction and was responsible for, among other inherent duties and obligations, selecting and purchasing necessary materials, identifying, hiring, and supervising subcontractors and other workers, supervising, monitoring, and directing the day-to-day construction practices, quality and procedures and

ensuring that the contracted work was completed correctly and in a professional and workmanlike manner.

19. Defendant Brighton contracted with and hired Defendant Castillo to complete various parts of the construction work, including masonry work in and around a fireplace located in the home. Defendant Brighton paid Defendant Castillo for the work done and the cost of the labor and materials were part of the home's purchase price/contract price paid by Correro.

20. Defendant Brighton contracted with and hired other subcontractors to complete various parts of the home's construction. Defendant Brighton paid the retained subcontractors for the work done and the cost of labor and materials were included in the home's purchase price/contract price paid by Correro.

21. Construction of the home was completed in May of 2019. Correro moved into the home in or around May or June of 2019.

22. On or about February 27, 2022, a fire erupted at the Correro home. One or more local Fire Departments responded to the 911 call and extinguished the flames. However, the fire resulted in damage to the home's structure and the personal property contents within the Property were damaged extensively.

23. Shortly after the fire, a certified fire investigator and other experts were retained by Plaintiff State Farm to investigate to determine the area of origin and cause of the fire. After conducting a thorough investigation, these investigators determined that the fire originated in a fireplace framed, constructed, and installed in the home during the home's original construction. Closer examination revealed that the fire caused damage to the crawlspace framing in and around the fireplace and smoke damage throughout the home.

24. It was conclusively determined by the investigators that the fire was caused by the improper installation by Defendants of the fireplace and its component parts, all as part of the home's original construction.

25. The experts conclusively determined that the fireplace and its component parts were framed, constructed, and installed in violation of the National Fire Code and that the improper framing, construction, and installation of the fireplace and its component parts caused the fire.

26. A fire scene inspection took place on March 3, 2022. Additional joint inspections were conducted on March 30, 2022, April 18, 2022, and April 25, 2022.

27. The inspections revealed that the fireplace at issue, located at the home's rear patio's north-side wall, consisted of a pre-manufactured metal firebox within a masonry surround. The fireplace and chimney were constructed of masonry brick. The firebox was lined with ceramic panels. There was mortar between the firebox's side walls and the adjacent brick masonry surrounding the firebox.

28. The inspections further revealed that there was no sealant along or between the top of the firebox's opening and the adjacent brick masonry.

29. The experts concluded that the home was damaged by fire, that the fire originated within the chimney area, that the brick masonry chimney was improperly installed, and that the failure to provide non-combustible sealant at the top of the firebox and adjacent brick masonry allowed fire gasses to ignite the wood framing above the front of the firebox.

30. The brick masonry surrounding the firebox was installed by Defendant Castillo.

31.     As a direct, proximate and producing result of the improperly designed, constructed and installed framing, fireplace and component parts, John Correro suffered damages to his real and personal property and was forced to incur additional living expenses as a result of being displaced from his home due to the fire which rendered the home uninhabitable.

32.     Pursuant to the homeowner's insurance policy in effect for the date of loss, State Farm Fire and Casualty Company compensated John Correro for the covered damages sustained as a result of the fire in question, and now brings this suit to recover its contractual and equitable subrogation interests from Defendants.

### III.  CAUSES OF ACTION AGAINST DEFENDANTS

### Count One – Breach of Contract against Defendant Brighton

33.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

34.     John Correro contracted with Defendant Brighton for the construction of the home at the Property.  Brighton was to act as the general contractor for the job and was responsible for selecting and purchasing necessary materials, identifying, hiring, and supervising subcontractors and other workers, supervising, monitoring, and directing the day-to-day construction practices, quality and procedures and ensuring that the contracted work was completed in a professional and workmanlike manner.  Defendant Brighton was compensated for his services.

35.     Defendant Brighton failed to exercise the skill and knowledge normally possessed by members in the construction profession or trade during the construction of the home.

36.     Defendant Brighton breached his contract with Correro and Correro suffered damages as a direct, proximate, and producing result of Defendant Brighton's breach.

Correro suffered damage to his real property, personal property and was forced to incur additional living expenses due to his home being rendered uninhabitable due to the fire damage.

## Count Two – Negligence against Defendants

37. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

38. At all times relevant hereto, Defendant Brighton, Defendant Castillo, and Defendant Naldo's (Collectively "Defendants") owed a duty to Correro to exercise reasonable care in the design, construction, and installation of the framing, masonry work and fireplace components installed as part of the home's construction at the Property. Defendants were responsible for performing, supervising, monitoring and, where necessary, correcting the work at the Property to ensure that the contracted work was completed in a professional and workmanlike manner.

39. Defendants breached their duty to Correro. The resulting damages sustained by Correro were caused through the individual or combined fault of Defendants in that they:

   a. Failed to properly design and install the framing, masonry and fireplace components in the Property;

   b. Failed to properly install the necessary protective barrier(s) between the fireplace and adjacent combustibles in the construction and renovation at the Property;

   c. Installed combustible materials too near the fireplace and its component parts in direct violation of applicable Fire Codes and State and Local Ordinances;

   d. Failed to properly supervise the subcontractors and other workers responsible for the construction of the addition and improvements at the Property;

e. Failed to properly train and/or supervise employees of subcontractors working on the framing and fireplace installation at the Property;

f. Failed to exercise due care and caution;

g. Failed to provide the proper products and materials necessary for the installation of the fireplace at the Property;

h. Failed to perform and/or monitor the construction and installation of the fireplace at the Property;

i. Failed to discover defects in the installation of the fireplace and its component parts at the Property;

j. Failed to warn Correro of the dangerous condition created by the faulty installation of the fireplace and its components at the Property;

k. Failed to use proper materials to protect the Property;

l. Failed to perform the contracted work in professional and workmanlike manner;

m. Breached their duty of due care in the construction of the home at the Property; and

n. Other acts of negligence in violation of the laws of the state of Mississippi.

40. Defendants knew or, through the exercise of reasonable care, should have known of the dangerous condition created by their actions and/or omissions, which actions and/or omissions caused the described damage to the Property.

41. Defendants exercised substantial control over all aspects of the construction of the home at the Property and failed to exercise the skill and knowledge normally possessed by members in the construction profession or trade during the construction.

42. Defendant Brighton is vicariously liable for the damage caused by the fault, negligence and/or want of due care on the part of the other Defendants and any other subcontractors, workers, agents or assigns hired, retained or supervised by Defendant

Brighton as part of his duties and responsibilities as the general contractor for the construction at the Property.

43.     Correro was not knowledgeable of the defective condition of the fireplace installed in his home and did not realize the danger in using, being exposed to or otherwise having the improperly installed fireplace components in his home and, therefore, did not deliberately or voluntarily choose to expose himself or his family to the danger in such a manner as to register assent to a dangerous condition.

44.     As a direct and proximate result of Defendants' negligence, Correro suffered damage to his real and personal property and incurred additional living expenses due to his home being rendered uninhabitable due to the fire damage.

### Count Three – Breach of Warranty against Defendants

45.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

46.     Mississippi law imposes upon a contractor a duty to construct all projects in a workmanlike manner, free from defects. This warranty of workmanship is implied by law into every construction contract.

47.     Defendants were responsible for directing, supervising, and monitoring the construction practices, quality and procedures at the Property and ensuring that the contracted work was completed in a professional and workmanlike manner. There was an implied agreement between Correro and Defendants that the contracted work would be performed with a degree of workmanship normally possessed by those in the construction industry. Defendants breached their duty to Correro and, consequently, Correro suffered

damage to his real and personal property and incurred additional living expenses due to his home being rendered uninhabitable due to the fire damage.

## IV.  DAMAGES

48. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

49. As a direct, proximate and producing result of Defendants' wrongful conduct set forth herein, Plaintiff State Farm has been injured and damaged in one or more of the following ways:

   a. Damage to real property, including without limitation, physical harm to real property;

   b. Damage to personal property;

   c. Economic losses;

   d. Loss of use and enjoyment of real property.

50. Pursuant to an insurance policy in effect for the date of loss, State Farm Fire and Casualty Company has compensated John Correro for the covered damages he incurred as a result of the fire that occurred on or about February 27, 2022.  State Farm now brings this action against Defendants seeking to exercise its rights to contractual and equitable subrogation.  Plaintiff hereby asserts its claim for damages as described above.

## V.  JURY DEMAND

51. Plaintiff hereby demands a trial by jury.

## VI.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff State Farm Fire and Casualty Company as partial subrogee of John Correro, requests that Defendants be summoned to appear and answer herein, as that after final trial, Plaintiff recover:

a. A judgment against Defendants for compensatory damages as set forth above;

b. A judgment against Defendants for all court costs and expenses incurred by Plaintiff;

c. A judgment for pre- and post-judgment interest as provided by law; and,

d. An award for such other just and legal relief whether prayed for herein or not and which the Court deems just and appropriate.

Respectfully submitted,

*s/JAMES E. BROUILLETTE*
**JAMES E. BROUILLETTE**
Mississippi Bar Number 10448
3330 Lake Villa Drive, Ste. 202
Metairie, Louisiana 70002
(504) 378-0256   (504) 378-0258 fax
jebrouillette@yahoo.com
Attorney for Plaintiff State Farm