UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY AS SUBROGEE OF JOHN CORRERO | **PLAINTIFF** |
| VS. | CIVIL ACTION NO. 3:23-cv-142-HTW-LGI |
| BRIGHTON SOUTHERN HOMES, LLC, DONALDO CASTILLO, and NALDO'S MASONRY, LLC | **DEFENDANTS** |

**MEMORANDUM BRIEF IN SUPPORT OF DONALDO CASTILLO AND NALDO'S MASONRY, LLC'S MOTION FOR SUMMARY JUDGMENT**

COME NOW, Donaldo Castillo and Naldo's Masonry, LLC (hereinafter, collectively "Castillo"), defendants herein, by and through counsel, pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, and file this *Memorandum Brief* in support of their *Motion for Summary Judgment*:

**I.      INTRODUCTION**

This insurance subrogation case stems from a small and contained fire that started in an outdoor fireplace at John Correro's home in the Bridgewater subdivision in Ridgeland, Mississippi. The fireplace was on a wall connected to the master bedroom of the house. Correro's homeowners' insurer, State Farm Fire and Casualty Company, paid a claim for damage to Correro's home and personal property. State Farm filed this lawsuit as subrogee of John Correro seeking reimbursement of expenses State Farm paid to or on behalf of Mr. Correro that Mr. Correro claimed resulted from the fire. (*See Plf's Compl.*, Doc. 1.) Along with Castillo and his company, Naldo's Masonry, State Farm named the general contractor, Brighton Southern Homes, LLC, as a

defendant. (*Id.*)

A fire cause and origin inspection indicated that the fire originated in the firebox insert that was installed in the outdoor chimney by a local company named Builder's Specialties. Builder's Specialties sold the firebox to the homeowner, Correro, and delivered the firebox, and installed the firebox in the outdoor fireplace. Builder's Specialties, however, failed to follow the firebox Installation Manual which came with the firebox and which clearly required that the "installer," i.e., Builder's Specialties, ensure that the firebox is properly installed, insulated, and sealed with fire-proof sealant. The failure of the firebox installer to follow the firebox Installation Manual is what caused the fire.

Castillo's scope of work did **not** include installing, insulating, or sealing the firebox. All that Castillo was asked to do was to supply the labor for laying the brick chimney. The general contractor (Brighton Southern Homes) supplied all materials, which included brick, mortar, and sand. No insulation or non-combustible sealant of any kind was supplied to Castillo and for good reason: Castillo did not install, insulate, or seal the firebox insert. It is not something he has ever done, much less did he do it in this case. Someone else framed the chimney and someone else installed the firebox. We now know, and it is undisputed, that the installer of the firebox was Builder's Specialties. State Farm chose, however, not to sue the installer of the subject firebox, or the homeowner's own home inspection company, Central Mississippi Home Inspections (which inspected the completed construction for the homeowners), or the City of Ridgeland (who also inspected the completed construction).

## II.  UNDISPUTED FACTS

Donaldo Castillo is the owner and sole member of Naldo's Masonry, LLC. (*Castillo Affidavit* at ¶ 3, attached to the Motion as Exhibit A.) Brighton Southern Homes, LLC was hired

as the general contractor to oversee the construction process and all work that was performed by various contractors in connection with the building of the residential house of John Correro located in Madison County, Mississippi. (*Id.* at ¶ 5; *Brighton Answer to Interrogatory No. 7* at p. 5, attached to the Motion as Exhibit B.) Brighton hired Naldo's Masonry to lay the brick on the Correro home, including to lay the brick for the outdoor fireplace. (*Castillo Affidavit* at ¶ 6, Exhibit A.)

Castillo's scope of work for the outdoor fireplace was limited to supplying labor for laying the brick chimney. (*Castillo Affidavit* at ¶ 7, Exhibit A.) Brighton supplied all materials to Naldo's Masonry for that scope of work. (*Id.* at ¶ 8.) Castillo did not frame the outdoor chimney. (*Id.*) While Castillo laid the brick for the outdoor fireplace and chimney, Castillo did not install the firebox insert that was installed in the outdoor fireplace. (*Id.*) The firebox insert was purchased by the homeowner Correro from Builder's Specialties in Jackson, Mississippi. (*Id.*; *Brighton Answer to Interrogatory No. 13* at pp. 8-9, Exhibit B.) **Builder's Specialties was the installer of the subject firebox**. (*Castillo Affidavit* at ¶ 8; *Brighton Answer to Interrogatory No. 18* at p. 12, Exhibit B.) Builder's Specialties delivered the firebox insert to the Correro home and Builder's Specialties was the installer of the firebox insert into the fireplace. (*Castillo Affidavit* at ¶ 8; *Brighton Answer to Interrogatory No. 13* at p. 9.)

Castillo was not the installer of the firebox. (*Castillo Affidavit* at ¶ 9, Exhibit A.) Naldo's Masonry's scope of work did not include installation of the subject firebox. (*Id.*) Naldo's Masonry had no responsibility whatsoever regarding the installation of a firebox. (*Id.*) Naldo's Masonry was never provided with any insulation or sealant materials to seal the firebox and he was never instructed to insulate or seal the firebox. (*Id.*) Installing, insulating or sealing of fireboxes is not what Naldo's Masonry does and was not part of his job description or scope of work. (*Id.*)

The subject firebox has an accompanying Installer's Manual. (*See Installer's Manual*, attached to the Motion as Exhibit C.) This Installer's Manual provides the installer of the firebox (*i.e.* Builder's Specialties, in this case) with detailed instructions and specifications for the installation of the firebox. (*Id.*) Among the detailed instructions and specifications for the installer of the firebox are detailed directions about the application of non-combustible sealant. (*Id.*) Indeed, there is an Installer's Checklist in the Installer's Manual, and the very first item on the first section of the checklist is: "**Verified that the chase is insulated and sealed**." (*See Installer's Manual* at p. 3, Exhibit C) (emphasis added).

Castillo was not given a copy of the Installer's Manual for the firebox that was installed in the outdoor fireplace. (*Castillo Affidavit* at ¶ 10, Exhibit A.) Castillo was not told about the Installer's Manual, and he was not given any of the specifications from the Installer's Manual and the reason is Castillo was not the installer of the firebox. (*Id.*)

### III.  SUMMARY JUDGMENT STANDARD

In this diversity action, procedural issues are governed by the *Federal Rules of Civil Procedure* but the Court must apply the substantive law of the State of Mississippi. *Klocke v. Watson*, 936 F.3d 240, 244 (5th Cir. 2019) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Motions for summary judgment are therefore governed by Rule 56 of the *Federal Rules of Civil Procedure* which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The United States Supreme Court has long held:

> The plain language of Rule 56 *mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since *a*

> ***complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial***. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing of an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (emphasis added). "[W]here the non-movant bears the burden proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent Summary Judgment proof that there is an issue of material fact warranting trial." *Parker v. Wal-Mart*, 241 F. Supp. 2d 663 (S.D. Miss. 2001) (quoting *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616 (5th Cir. 1994).

"If the [nonmoving party's] theory is . . . senseless, no reasonable jury could find in its favor, and summary judgment should be granted." *Floyd v. Communications Workers of America*, 532 F. Supp. 2d 816, 823 (S.D. Miss. 2006) (quoting *Eastman Kodak Co. v. Image Technical Services, Inc.,* 504 U.S. 451, 468-69 (1992)). "The nonmovant's burden is not satisfied by 'some metaphysical doubt as to material facts,' conclusory allegations, unsubstantiated assertions, speculation, the mere existence of some alleged factual dispute, or 'only a scintilla of evidence'." *Floyd*, 532 F. Supp. 2d at 823 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 247-48 (1986)) (citing *Hart v. O'Brien*, 127 F.3d 424, 435 (5th Cir. 1997), *cert. denied* 525 U.S. 1103 (1999)). "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Floyd*, 532 F. Supp. 2d at 823 (quoting *Brown v. City of Houston*, 337 F.3d 539, 540 (5th Cir. 2003)).

### IV.   LAW AND ARGUMENT

The plaintiff asserted claims for negligence and breach of warranty against Castillo. Each of those is addressed in turn below.

**A. The plaintiff's negligence claim against Castillo must be dismissed because there is no evidence that Castillo breached any duty owed to the homeowners.**

In this construction negligence case, the plaintiff "must show a) the duty owed [to them] by [White], b) breach of that duty, c) damages; and d) a causal connection between the breach and the damages, such that the breach is the proximate cause of his injuries." *Crain v. Cleveland Lodge 1532, Order of Moose, Inc.*, 641 So. 2d 1186, 1189 (Miss. 1994) (citation omitted). If the plaintiff cannot show evidence to support any one of these elements, summary judgment should be granted. *See Huynh v. Phillips*, 95 So. 3d 1259 (Miss. 2012). A motion for summary judgment can only be overcome by showing that there is a genuine issue of material fact with competent evidence. *See Walker By and Through Walker v. Skiwski*, 529 So. 2d 184, 1886 (Miss. 1988).

The plaintiff's claim against Castillo hinges on its allegation that Castillo had a duty to "seal" the firebox inside the outdoor fireplace at the Correro home. However, the undisputed evidence shows that Castillo had no such legal duty.

### 1. *Castillo's scope of work—i.e. his duty—was limited to supplying labor for laying brick.*

Brighton, the general contractor, was hired to oversee the construction process and all work that was performed by various contractors in connection with the building of the residential house of John Correro located in Madison County, Mississippi. (*See Brighton's Answer to Interrogatory No. 6 at* pp. 4-5, Exhibit B; *Affidavit of Donaldo Castillo* at ¶ 5, Exhibit A.) Brighton hired Naldo's Masonry to lay the brick on the Correro home, including to lay the brick for the outdoor fireplace. (*See Castillo Affidavit* at ¶ 6, Exhibit A.) For the outdoor fireplace, Castillo's scope of work was limited to supplying labor for laying the brick chimney. (*Id.* at ¶ 7.) Brighton supplied all materials to Naldo's Masonry for that scope of work. (*Id.*) The outdoor chimney was framed by someone other than Castillo. (*Id* at ¶ 8.)

Therefore, the only duties Castillo had on this construction project were duties related to laying the brick with the brick, mortar, and sand, that the general contractor supplied to Castillo. The plaintiff has not alleged that Castillo breached his duties about the laying of brick, and there is no evidence that Castillo breached any duty with regard to laying brick.

### 2. *Castillo was not the installer of the subject firebox.*

The plaintiff's case is built upon the allegation that non-combustible sealant should have been applied around the firebox insert by Castillo. But Castillo had no duties related to the installation of the firebox and, specifically, had no duty to apply non-combustible sealant around the firebox.

Castillo did not install the firebox insert in the outdoor fireplace. (*Castillo Affidavit* at ¶ 8, Exhibit A.) The firebox insert was purchased by the homeowner Correro from Builder's Specialties in Jackson, Mississippi. (*Id.*) Builder's Specialties delivered the firebox insert to the Correro home and **Builder's Specialties was the installer of the firebox**. (*Id.*) Specifically, Castillo's scope of work did not include installation of the subject firebox and Castillo had no responsibility whatsoever with regard to the installation of a firebox. (*Id.*) Castillo was never provided with any insulation or sealant materials to seal the firebox and he was never instructed to insulate or seal the firebox. (*Id.*) Installing, insulating or sealing of fireboxes is not what Castillo does and was not part of his job description or scope of work in the case at bar. (*Id.*)

The "Installer's Manual" for the firebox that Builder's Specialties sold and installed sets forth specifications, for the installer to follow, not the least of which includes specifications for the application of non-combustible sealant. (*See Installer's Manual*, Exhibit C.) Page 3 of the manual has the heading: "**ATTENTION INSTALLER:** *Follow this Standard Work Checklist*." (*Id.*) The very first item in the very first category on the installer's (Builder's Supplies) checklist

is: "Verified that the chase is insulated and sealed":

**ATTENTION INSTALLER:**
**Follow this Standard Work Checklist**

This standard work checklist is to be used by the installer in conjuction with, not instead of, the instructions contained in this installation manual.

Customer: _____  Date Installed: _____
Lot/Address: _____  Location of Fireplace: _____
Installer: _____
Model (circle one):  I60  I80  Dealer/Distributor Phone # _____
Serial #: _____

⚠ **WARNING! Risk of Fire or Explosion!** Failure to install fireplace acording to these instructions can lead to a fire or explosion.

**Fireplace Install**                                                                 YES    IF NO, WHY?
Verified that the chase is insulated and sealed. (Pg. 11)
Verified clearances to combustibles. (Pg. 10)
Fireplace is leveled and secured. (Pg. 14)
Protective hearth strips installed per manual requirements. (Pg. 14)
Hearth extension size/height decided. (Pg. 29)
Outside air kit installed. (Pg. 15)

(*See id.* at p. 3, Exhibit C.) There are additional instructions in the Installer's Manual pertaining to Builder's Specialties' inspection duties as the installer related to the application of non-combustible sealant. (*Id.* at p. 11, Exhibit C.)

The Installer's Manual even has a list of "Tools and Supplies Needed" for the installer of the firebox (Builder's Specialties) to have "before beginning the installation." Critically, this includes "non-combustible sealant:"

**C. Tools and Supplies Needed**
Before beginning the installation be sure the following tools and building supplies are available:

Reciprocating saw         Framing material
Pliers                    Non-combustible sealant
Hammer                    Gloves
Phillips screwdriver      Framing square
Flat blade screwdriver    Electric drill and bits
Plumb line                Safety glasses
Level                     Tape measure
1/2-3/4 in. length, #6 or #8 self-drilling screws
Misc. screws and nails

(*See* Exhibit C, at p. 8.) Therefore, the installer—Builder's Specialties—was required to have non-combustible sealant. The Installer's Manual goes on to provide detailed specifications for

-8-

"**Finishing**" installation of the firebox, which includes the application by Builder's Specialties of non-combustible sealant. Put another way, just like an electrician or plumber would come back and do their "finish" work after their initial "rough-in" work, the firebox installer—Builder's Specialties—had the obligation and duty to "finish" its "rough-in" of the firebox insert. However, it is undisputed that Builder's Specialties failed to return and "finish" its installation of the firebox. The Installer's Checklist referenced above also includes several items under the Installer's "**finishing**" obligations:

**Finishing Section 7 (Pg. 28)**
Combustible materials not installed in non-combustible areas.
Verified all clearances meet installation manual requirements.
Mantels and wall projections comply with installation manual requirements.
Hearth extension installed per manual requirements.

(*Id.* at p. 3.) One of the critical **finishing instructions** in the Installer's Manual to Builder's Specialties was that "**a bead of non-combustible sealant must be used to close off any gaps and the top and sides between the fireplace and hearth**:"



**C. Non-Combustible Sealant Material**
After completing the framing and applying the facing materials over the framing, a bead of non-combustible sealant must be used to close off any gaps at the top and sides between the fireplace and hearth.

Figure 7.10  Place Non-combustible Sealant

(*See* Exhibit C, at p. 33.)

If the installer, Builder's Specialties, had followed the Installer's Manual and checked its work against the Installer's Checklist, Builder's Specialties would have known it had to come back and "finish" its "rough-in" work by insulating and sealing the firebox with non-combustible sealant. **Builder's Specialties' failure as the installer of the firebox to follow the Installer's Manual is not evidence that Castillo breached any duty owed to the homeowners with regard to laying the brick for the chimney**. While State Farm may have had a valid cause of action against Builder's Specialties, this lawsuit against Castillo has no merit because Castillo's scope of work had nothing to do with installing, insulating, or sealing of the subject firebox insert.

> 3. ***There is no evidence that Castillo breached any duty with respect to his scope of work on the construction project.***

Castillo's scope of work—and therefore his duty—was limited to supplying labor for laying brick. There is no allegation, and no evidence, that Castillo laid brick improperly. The plaintiff's lawsuit is based on the claim that there should have been sealant applied around the firebox that Builder's Specialties installed and that the lack of sealant proximately caused the fire and the smoke damage. Because Castillo had no duty to install, insulate, or apply sealant around the firebox, Castillo cannot be liable for not applying said sealant. Therefore, Castillo is entitled to summary judgment.

**B. The plaintiff's breach of warranty claim against Castillo must be dismissed because there is no evidence that Castillo breached any duty owed to the homeowners.**

The plaintiff also asserted a claim for breach of implied warranty against Castillo. (*Plf's Comp.* at ¶¶ 45-47, Doc. 1.) Under Mississippi law, there are implied warranties between builders/general contractors and homeowners. *See, e.g.*, *Keyes v. Guy Bailey Homes, Inc.*, 439 So. 2d 670, 672 (Miss. 1983) (explaining that the Mississippi Supreme Court has "recognized that a

first purchaser should be able to recover damages **from the builder** if the builder was in some way at fault for the loss" and holding that this warranty extends to subsequent purchasers) (emphasis added). Because Castilo was not the builder of the subject home, the plaintiff does not have a viable claim for breach of implied warranty against Castillo who was a mere subcontractor.

Further, even if the plaintiff could maintain an implied warranty claim against a subcontractor like Castillo, the undisputed evidence in this case would not support such a claim against Castillo. This is because Castillo cannot be held to have warranted work that was not within his scope of work and was work he never actually performed. As was established in the preceding section, Castillo's scope of work was limited to supplying the labor for laying brick using the materials supplied to Castillo by Brighton: brick, mortar, and sand. (*See Castillo Affidavit* at ¶¶ 6-10, Exhibit A.) There is no claim that Castillo did not lay the brick in a workmanlike manner.

In sum, Castillo is entitled to summary judgment on the plaintiff's implied warranty claim because no such claim exists under Mississippi law against a subcontractor. Further, even if there was such a claim under the law, the evidence in this case would not support such a claim because Castillo cannot warrant work that he did not do.

## V. CONCLUSION

The plaintiff failed to come forward with any evidence that Castillo breached any duty related to his scope of brick work at the home of State Farm's insured. Additionally, there is no basis in law or fact for an implied warranty claim against Castillo. As such, Donaldo Castillo and Naldo's Masonry, LLC are entitled to summary judgment and all claims against them must be dismissed with prejudice. Donaldo Castillo and Naldo's Masonry, LLC further request the entry of a final judgment pursuant to Rule 54(b) of the *Federal Rules of Civil Procedure*.

RESPECTFULLY SUBMITTED, this the 23rd day of February 2024.

                **DONALDO CASTILLO AND**
                **NALDO'S MASONRY, LLC**

        BY:    */s/ M. Madison Taylor*
                    Michael W. Baxter (Miss. Bar No. 2211)
                    M. Madison Taylor (Miss. Bar No. 103943)
                    *Attorneys for Defendants Donaldo Castillo*
                    *and Naldo's Masonry, LLC*

OF COUNSEL:

**BAXTER LAW FIRM, PLLC**
219 Sunnybrook Road, Suite B
Ridgeland, Mississippi 39157
Telephone: 769-233-7731
Email: mbaxter@baxterpllc.com
       mtaylor@baxterpllc.com

## CERTIFICATE OF SERVICE

I, M. Madison Taylor, do hereby certify that on the 23rd day of February 2024, I filed the foregoing *Memorandum Brief in Support of Donaldo Castillo and Naldo's Masonry, LLC's Motion for Summary Judgment* via the ECF system which served a copy to all counsel of record in this matter.

                                        */s/ M. Madison Taylor*
                                        M. Madison Taylor