**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY AS SUBROGEE OF JOHN CORRERO** | **PLAINTIFF** |
| **vs.** | **CIVIL ACTION No.: 3:23-CV-142-HTW-LGI** |
| **BRIGHTON SOUTHERN HOMES, LLC, DONALDO CASTILLO, and NALDO'S MASONRY, LLC** | **DEFENDANTS** |

---

### ORDER

---

BEFORE THIS COURT is [Docket 29], a Motion for Summary Judgment filed by Defendants Donaldo Castillo and Naldo's Masonry, LLC (collectively, "Castillo").

In 2018, Defendant Brighton Southern Homes, LLC ("Brighton"), general contractor to a home's construction, subcontracted Castillo to perform masonry work on an outdoor fireplace. In 2022, the home suffered a fire. Plaintiff State Farm Fire and Casualty Company ("State Farm") insured the home, paid off the policy to homeowner, and, as subrogee, sought to recover that payment from the putative tortfeasors. According to State Farm, its cause and origin investigator concluded that the fire had started at the outdoor fireplace, where hot gases had entered a gap between the top of the metal prefabricated firebox and the surrounding masonry and ignited the wood framing. State Farm then sued Castillo for negligence and breach of warranty, alleging Castillo had failed to seal the gap with a non-combustible material as necessary.

Castillo eventually moved for summary judgment, arguing that "Castillo's scope of work was limited to merely supplying the labor for laying brick," and that "plaintiff failed to come

forward with any evidence that Castillo breached any duty[.]" [Docket 29] at 2.[1] Castillo filed his own declarations and submitted the firebox's manual, which instructs the "installer" to "close off any gaps at the top and sides between the fireplace and hearth" with "a bead of non-combustible sealant" "[a]fter completing the framing" [Docket 30] at 2–10. Castillo thus argues it was the duty of non-party Builder's Specialties, that supplied and installed the firebox, to seal the gap. [Docket 29] at 2.

State Farm responded by filing Brighton's interrogatory answer that it was Castillo's "responsibility" to "apply or install mortar or other fire blocking materials in" "between the top of the fire box and the adjacent brick masonry." [Docket 40] at 3.[2] Brighton alleges Castillo told Brighton there was mortar in that location at the time of construction and alleges Castillo or one of Castillo's workers installed it. *Id.* Also, State Farm's investigator contends he observed mortar in the gaps on the sides of the firebox, but not in the top gap. *Id.* at 8.

Summary judgment is due to be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if "a reasonable jury could return a verdict for the nonmoving party[,]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), viewing "the evidence in the light most favorable to the nonmoving party." *Hager v. Brinker Tex., Inc.*, 102 F.4th 692, 697 (5th Cir. 2024).

Genuine disputes of material fact here exist. The Defendants disagree whether Castillo had a responsibility to seal the gap between the top of the firebox and the framing. Indeed,

---

[1] At oral argument, Castillo also raised other arguments regarding a lack of testing by the fire investigator. These arguments were not briefed and are untimely. Fed. R. Civ. P. 56(b).

[2] Castillo argues that "Brighton did not respond" to the question of responsibility for installing fire blocking material, based on the numbering Brighton uses in its answer, [Docket 40] at 5; however, the surrounding context of the question and answer contradicts Castillo's reading.

Brighton alleges Castillo himself claimed that mortar was present in the gap at the time of construction.  Further, Castillo's quoted portions of the installer's manual refer to sealing "the chase" and "gaps … between the fireplace and hearth," not between the firebox and surrounding brick, and the manual appears to assume that the installer is also "completing the framing." [Docket 30] at 8–9.

A jury would need to evaluate the witness testimony and examine the documentary evidence to decide these questions: whether Castillo had a duty to seal the gap and whether Castillo acted in a workmanlike manner and in accordance with applicable building standards.

Castillo also mentions the absence of implied warranties between homeowners and "mere subcontractor[s]," but does not cite authority supporting that proposition.  [Docket 30] at 10–11.[3] As State Farm notes, Mississippi law does not require privity of contract in claims of "property damage … brought on by negligence, … or breach of warranty."  Miss. Code § 11-7-20.

**IT IS THEREFORE ORDERED:** Donaldo Castillo and Naldo's Masonry, LLC's Motion for Summary Judgment is **DENIED**.  Questions of facts compel this holding.  This Court will take up State Farm's and Castillo's motions *in limine*/*Daubert* motions, [Docket Nos. 27, 31, 43], before the respective witnesses' trial testimony—and may require testimony from the witnesses on those motions, Fed. R. Civ. P. 104(a).

**SO ORDERED this the   24th   day of     July     , 2024.**

**/s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] Castillo only cites a portion of *Keyes v. Guy Bailey Homes, Inc.* discussing whether a builder is liable to subsequent purchasers of a home.  439 So. 2d 670, 672 (Miss. 1983).